Ling v. Strome.


## ADMINISTRATOR—LIMITATION OF ACTIONS—QUIET TITLE.

[Coshocton (5th) Circuit Court, May, 1909.]

Taggart, Voorhees and Metcalf, JJ.

(Judge Metcalf of the seventh circuit sitting in place of Judge Donahue.)

### MILO S. LING v. ADAM STROME, ADMR., ET AL.

1. RIGHT OF ADMINISTRATOR TO SELL LAND TO PAY DEBTS BARRED IN SIX YEARS

The liability of real estate of a decedent to be sold in a civil action by the administrator is one created by statute and as such comes within the meaning of Sec. 4981 Rev. Stat. and is barred in six years after the administrator has discovered that the personal property is not sufficient to pay the debts of the estate.

2. TITLE OF HEIR MAY BE QUIETED AGAINST RIGHT TO SELL TO PAY DEBTS OF ESTATE AFTER SIX YEARS.

The title of an heir of an estate in remainder in real estate, though not in possession, may be quieted against the rights of the administrator of the estate to sell such real estate to pay debts after such right has. been barred by the statute of limitations.

[Syllabus approved by the court.]

APPEAL from Coshocton common pleas court.

**J. C. Daugherty** and **J. C. Adams,** for plaintiff:

Cited and commented upon the following authorities: *Norton* v. *Beaver*, 5 Ohio 178; *Miner* v. *Wallace,* 10 Ohio 403; *Tucker* v. *Shade,*. 25 Ohio St. 355; *Wuest* v. *James,* 51 Ohio St. 230 [36 N. E. Rep. 832]; *Smith* v. *Hogg,* 52 Ohio St. 527 [40 N. E. Rep. 406]; *Hutchinson* v. *Hutchinson,* 15 Ohio 301; *Miller* v. *Taylor,* 29 Ohio St. 257; *Ambrose* v. *Byrne,* 61 Ohio St. 146 [55 N. E. Rep. 408]; *Smith* v. *Hankins,* 27· Ohio St. 371; *Reynolds* v. *Henderson,* 7 Ill. (2 Gilm.) 110; *Graves* v. *Skeels,* 6 Ind. 107; *Calloway* v. *Ewbank,* 27 Ky. (4 J. J. Marsh) 280; *Mitchell* v. *Smith,* 1 Litt. (Ky.) 243; *Rowland* v. *Harbaugh,* 5 Watts (Pa.) 365; *Dougherty* v. *Hurt,* 6 Humph. (Tenn.) 430; *Conway·* v. *Duncan,* 28 Ohio St. 102; *Jones* v. *Shields,* 14 Ohio 359; *Sidener* v. *Hawes,* 37 Ohio St. 532; *Faran* v. *Robinson,* 17 Ohio St. 242 [93 Am. Dec. 617]; *Carr* v. *Hull,* 65 Ohio St. 394 [62 N. E. Rep. 439; 58 L. R. A. 641; 87 Am. St. Rep. 623]; *Murphy* v. *Holbrook,* 20 Ohio St. 137· [5 Am. Rep. 633]; *Graham* v. *Simon,* 76 Ohio St. 77 [81 N. E. Rep. 170]; *Stockwell* v. .*Coleman,* 10 Ohio St. 33; *Bobo* v. *Norton,* 10 Ohio· St. 514; 12 Am. & Eng. Enc. Law 535, 541, 549; Woerner, Administration 1024, Sec. 435; *Kemper* v. *Building & Loan Co.* 18 Dec. 484 (5ı N. S. 403); *Taylor* v. *Thorn,* 29 Ohio St. 569; *Kelly* v. *Duffy,* 31 Ohioᵣ

St. 437; *Muse* v. *Darrah,* 2 Dec. Re. 604 (4 W. L. M. 149); *Curtis* v. *Selby,* 1 Circ. Dec. 25 (1 R. 40); *Williams* v. *Donough,* 65 Ohio St. 499 [63 N. E. Rep. 84; 56 L. R. A. 766]; *Ramsdall* v. *Craighill,* 9 Ohio 197; *Conway* v. *Duncan,* 28 Ohio St. 102; *Yearly* v. *Long,* 40 Ohio St. 27; *Longley* v. *Stump,* 9 Dec. Re. 234 (11 Bull. 247); *Ludlow* v. *Johnson,* 3 Ohio 553 [17 Am. Dec. 609]; *Paine* v. *Skinner,* 8 Ohio 159; *Hartman* v. *Hunter,* 56 Ohio St. 175 [46 N. E. Rep. 577]; *Douglas* v. *Waddle,* 8 Ohio 209; *Bigelow* v. *Renker,* 25 Ohio St. 542; *Webster* v. *Bible Society,* 50 Ohio St. 1 [33 N. E. Rep. 297].

**E. Z. Hay** and **C. B. Hunt,** for defendant.

**TAGGART, J.**

This case is in this court by appeal and was heard upon an agreed statement of facts. The action is for the quieting of the title to the interest which plaintiff claims in lot No. 11 in the village of Warsaw, county of Coshocton and state of Ohio.

The defendant, Adam Strome, is the administrator of Charles Senft, deceased, and the other defendants are the heirs at law of Christian Strome. A brief summary of the facts will disclose the question involved.

Christian Strome obtained two judgments against Charles Senft in the year 1874. In 1888 Charles Senft died 'seized of lot No. 11 in the village of Warsaw, and leaving surviving him his widow, Barbara Senft, and certain heirs at law. These heirs at law by their deeds conveyed all their interest in this lot so as to vest the title in the plaintiff, subject to the life estate of the widow, Barbara Senft. There seems to be no question made as to the title of the plaintiff in the remainder after the termination of the life estate of the widow.

The defendant, Adam Strome, was appointed administrator of the estate of Charles Senft in May, 1894. No assets came into his hands to be administered, and at said date it was known to him that there was no personal estate to be administered, and this fact was made to appear in his application at the time of his appointment.

On July 31, 1894, an action in revivor was brought on these two judgments against the administrator and heirs of Charles Senft, deceased, and the judgments were revived as against them. The plaintiff, Milo Ling, having an estate in remainder, commenced this action, asserting in his amended petition that the defendant, Adam Strome, as the acting administrator of the estate of Charles Senft, threatens to subject the estate and interest of the plaintiff in said property to

Ling v. Strome.

the payment of these alleged judgment claims. He further avers that none of the defendants have any valid claims or interest in said premises whatever by reason of said alleged judgments or otherwise, and said pretended claims are unfounded and are a cloud upon his title.

The administrator files an answer and makes this averment: Defendant says that the title of plaintiff in said lot No. 11 in said village of Warsaw is subordinate to the rights of this defendant as administrator of the estate of Charles Senft, deceased, to sell said lot to pay the debts of said decedent. And defendant further says that as the administrator aforesaid it is his official duty to sell the same, which he intends to do immediately upon the death of said widow, Barbara Senft, and to apply the proceeds of such sale to the payment of the debts of said decedent, to wit, these judgments.

So that there is the assertion on the part of the plaintiff that the defendants claim an interest, estate or right in and to the property of the plaintiff, to wit, lot 11.

Section 5779 Rev. Stat. is the section in respect to quieting title:

"An action may be brought by a person in possession, by himself or tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest; or such action may be brought by a person out of possession, having or claiming to have an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein."

And the Supreme Court has said that this interest or claim may be determined for the purpose of settling all doubtful claims, and that there may be repose as to the rights of parties in and to real estate. There is in this case assertion upon the part of the defendants that they proposed to subject if possible the interest of plaintiff in this lot to the payment of the debts of Charles Senft, deceased, and that said lot is liable for said debts. That being so, it falls clearly within the second clause of that section of the statute.

Now it became the duty of the administrator under Sec. 6136 Rev. Stat. to apply to the courts for power and authority to sell land of the deceased to pay debts. When did this right accrue to him? The section provides:

"As soon as the executor or administrator shall ascertain that the personal estate in his hands will be insufficient to pay all the debts of the deceased, with the allowance to the widow and children, for their

support, twelve months, and the charges of administering the estate, he shall apply to the probate court or the court of common pleas for authority to sell the real estate of the deceased.''

Section 6137 Rev. Stat.:

''In order to obtain such authority, the executor or administrator shall commence a civil action in the probate court or the court of common pleas of either the county in which the real estate of the deceased, or any part thereof, is situate, or of the county in which were issued his letters testamentary or of administration.''

So that in 1894 this administrator had information that the personal estate was insufficient to pay the debts of the deceased. It then became his duty and his right to go into either the probate court or the common pleas court of this county, and by a civil action obtain authority to sell this land to pay debts. That being so, this property was cast upon the heirs, through whom the plaintiff in this case obtains title, subject only to be divested by a court of competent jurisdiction granting authority to the administrator to sell it for the payment of debts.

Now, it is insisted that he has no right in consequence of the lapse of time, to sell this land to pay debts, and that is the foundation of the plaintiff's claim.

As to this contention, we think unquestionably the plaintiff is right. We think the right of the administrator to commence his proceeding is limited, either to six years or to ten years. It does not make any difference in this case which statute of limitation obtains. But the question arises: Does the statute of limitations obtain in respect to this class of proceedings? We think the Supreme Court has spoken on the subject and authoritatively.

We call attention to the case of *Webster* v. *Bible Society*, 50 Ohio St. 1, 9 [33 N. E. Rep. 297], wherein Williams, J., speaking for the court, uses this language:

''It is well settled since the code, and was so before, that only those cases of technical, continuing, and subsisting trusts which are within the proper, peculiar, and exclusive jurisdiction of courts of equity, are exempt from the operation of statutes of limitation. * * * Other trusts, which might be the ground of an action at law, have always been subject to such statutes.'' Citing Okey, J., *Carpenter* v. *Canal Co.* 35 Ohio St. 307, 317, and cases above cited.

If this civil action whereby the administrator could obtain authority to sell land to pay debts is within the operation of the statute of

Ling v. Strome.

limitations, the question then obtains, What section of the statute is it that would be a bar?

Section 4981 Rev. Stat. provides the limitation is six years on "an action upon a liability created by statute, other than a forfeiture or penalty." The laws of descent and distribution casting upon the heirs the real estate, the liability to have the land taken from them and applied to the payment of the debts of the ancestor, is one created by statute. It required the enactment of a statute to confer upon the administrator a right to proceed to sell the land, take it from the heirs and apply it to the payment of debts. No such right existed at common law. No such right existed prior to the enactment of the statute. Therefore, it may well be said to be a liability created by statute.

But assuming that this section of the statute does not control, the general statute for limiting the time of actions, Sec. 4985, would control, "an action for relief not hereinbefore provided for, can only be brought within ten years after the cause of action accrues." This cause of action accrued in 1894 when the administrator had knowledge that there was no personal property that was applicable to the payment of debts, and it was necessary to take this property and apply it to the payment of debts.

More than ten years before the commencement of this suit has elapsed from the time this administrator was appointed, and he has done nothing, and he is still asserting the right to subject this lot to the debts of the decedent; either section of the statute would obtain, and there is no right existing in his favor as against his property. The attention of counsel is called to *Kemper* v. *Building & L. Co.* 18 Dec. 484 (5 N. S. 403), wherein we think the reasoning of Judge Hunt is very persuasive to our minds that the statute of limitations obtains.

That being the case, then, no right existing in this administrator to proceed to sell this property for the payment of debts, which he could successfully maintain by a civil action, and he asserting that he has such right and other defendants contending that he should proceed in that way, the plaintiff is entitled to the relief prayed for, and a decree may be entered in favor of the plaintiff as against these defendants.

Exceptions will be noted and twenty days may be given for special findings of fact. Motion for a new trial is overruled and exceptions noted in that regard.

**Voorhees** and **Metcalf, JJ.,** concur.